**AFFIRMED and Opinion Filed July 25, 2023**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00467-CR**

**JULIO CESAR SOTO-GALVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32930CR**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Carlyle

Appellant complains the trial court erred by including extraneous act instructions in the jury charges during both phases of this sexual assault of a child case. *See* TEX. CODE CRIM. PROC. arts. 36.14; 37.07, § 3(b). We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 739, 743 (Tex. Crim. App. 2005) (en banc). Regarding the charge at the guilt phase, the State gave appellant pretrial notice that it would introduce evidence from the date of the offense regarding "marijuana/drug use and

distribution" at trial. *See* TEX. R. EVID. 404(b)(2). The complaining witness testified at trial that appellant admitted possessing marijuana during the party where they met when he initiated contact with her late in the evening of the night of the party. She also testified appellant asked her whether he had given his weed to her while at the party, and said "we had known that he was a drug addict." Appellant did not object, nor did he request a limiting instruction at the time the evidence came in, and thus the trial court was not obligated to give the limiting instruction. *See* TEX. R. EVID. 105; *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). Appellant does not now, nor did he at trial, argue that he strategically failed to object or to request the limiting instruction. *See Delgado*, 235 S.W.3d at 250. He made no objection to the jury charge.

The limiting instruction correctly informed jurors of the appropriate use of the testimony. It did not specifically refer to the marijuana evidence but only generally to "evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case." Trial counsel's strategy was to concede guilt and focus on the punishment phase of this trial. We reject the premise of appellant's argument, that it was error for the court to include the instruction, because there was evidence of extraneous offenses or bad acts, and do not consider egregious harm. *See Ngo*, 175 S.W.3d at 743.

At punishment, the court included a similar instruction regarding extraneous offenses or bad acts. *See* TEX. CODE CRIM. PROC. art. 37.07, §§ 3(a)(1), (b).

Appellant admitted during punishment that he had a reputation in his family as a drug addict and that he was using drugs and alcohol around the time of the offense. There was evidence of appellant's multiple rule violations and write-ups while he was in jail awaiting trial. Counsel lodged no objection to the punishment charge, and in any event, because there was evidence at punishment of extraneous offenses or other bad acts, the punishment charge contained no error. *See Smith v. State*, 577 S.W.3d 548, 550–51 (Tex. Crim. App. 2019).

We affirm the judgment of the trial court.

/Cory L. Carlyle/

210467f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JULIO CESAR SOTO-GALVAN,
Appellant

No. 05-21-00467-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District
Court, Hunt County, Texas
Trial Court Cause No. 32930CR.
Opinion delivered by Justice Carlyle.
Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 25th day of July, 2023.